# UNITED STATES DISTRICT COURT
for the
Middle District of Georgia

| | |
|---|---|
| United States of America <br> v. <br> Keon Hendley | Case No: 5:19-CR-50-001 (MTT) <br> USM No: 01463-120 |
| Date of Original Judgment: 12/10/2020 <br> Date of Previous Amended Judgment: N/A <br> *(Use Date of Last Amended Judgment if Any)* | Jessica M. Lee <br> *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of ☐ the Defendant ☐ the Director of the Bureau of Prisons ☒ the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.    ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of    200    months **is reduced to**    180    .

*(Complete Parts I and II of Page 2 when motion is granted)*

The defendant was originally sentenced to a total term of imprisonment of 200 months after pleading guilty to Distribution of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two), and Possession of Firearms by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Four). When sentenced, the defendant's subtotal criminal history score was two (2). As he was under a criminal justice sentence at the time the instant offense was committed, two (2) points were added, yielding a total criminal history score of four (4) and Criminal History Category of III.

However, retroactive Amendment 821, Part A, of the *United States Sentencing Guidelines* reduces criminal history status points to one (1) point for defendants with seven (7) or more criminal history points; defendants with fewer than seven (7) criminal history points do not receive any additional points. Therefore, under the retroactive amendment, the defendant would not receive any points for being under a criminal justice sentence, his total criminal history score would be two (2), his Criminal History Category would be II, and his guideline sentencing range would be 168 to 210 months. The defendant's original 200-month sentence was 12 months above the lower end of the applicable guideline range of 188 to 235 months. The government concurs that the defendant is eligible for relief and recommends a sentence in the middle of the amended range.

The Court hereby **GRANTS** the motion and reduces the imprisonment portion of the defendant's sentence to 180 months, 12 months above the lower end of the amended guideline range, on Count Two and 120 months on Count Four to be served concurrently to each other, for a total term of imprisonment of 180 months. The sentence shall run consecutively to any term of imprisonment imposed in Bibb County Superior Court Case No. 14CR70545 for violation of probation.

Except as otherwise provided, all provisions of the judgment dated   December 10, 2020   shall remain in effect.

**IT IS SO ORDERED**.

Order Date:   6/25/2024                               S/ Marc. T. Treadwell
                                                                          *Judge's signature*

Effective Date: _____                  Marc T. Treadwell, U.S. District Judge
*(if different from order date)*                           *Printed name and title*